# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

LEO MANUEL DIAZ,

       Petitioner,

v.                                                        Case No. 09-CV-284

MICHAEL THURMER,

       Respondent.

_____

## ORDER

On March 13, 2009, Leo Manuel Diaz ("Diaz") filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 26, 2006, a jury in Brown County, Wisconsin, found Diaz guilty of two counts of soliciting first degree intentional homicide. Diaz was sentenced to twelve years in prison with eight years of extended supervision, and is currently confined to the Waupun Correctional Institution. The court now reviews Diaz's petition pursuant to Rule 4 of the Rules Governing § 2254 Proceedings ("Rule 4").

Rule 4 requires the district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *See* Rule 4, Rules Governing § 2254 Proceedings. The court must dismiss those petitions that do not state a claim upon which relief may be granted, as well as those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the

petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining Diaz's petition for timeliness. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

According to the information provided in his petition, Diaz's conviction became final on July 13, 2008, which was 90 days after the Wisconsin Supreme Court denied his petition for review. Therefore, Diaz's petition filed on March 13, 2009, was well within the one-year limitation period mandated by Section 2244(d)(1).

The court continues its Rule 4 review by examining Diaz's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider

the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *See Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *See Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

In his petition, Diaz claims that his Sixth Amendment right to confront witnesses against him was violated when the Brown County Circuit Court prohibited his counsel from impeaching a key prosecution witness with evidence of that witness's prior criminal convictions. Based on the written decision of the Wisconsin Court of Appeals attached to Diaz's petition, however, it appears that Diaz did not present this claim in Wisconsin state courts. In its decision, the Wisconsin Court of Appeals relied solely on state law grounds in affirming the circuit court. The court of appeals also noted that Diaz had argued that the circuit court's decision was "not the law." (Court of Appeals Decision, January 29, 2008, ¶ 8, Docket #1). The Supreme Court has held that a "state prisoner does not 'fairly present' a claim to a

state court if that court must read beyond a petition or a brief . . . in order to find material" that alerts it to the presence of a federal claim. *See Baldwin v. Reese*, 541 U.S. 27, 29, 32 (2004). Because it appears that Diaz has not given Wisconsin state courts the "opportunity to pass upon and correct" any alleged violations of his federal rights, the court is obliged to dismiss Diaz's petition without prejudice. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (citations omitted) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

Accordingly,

**IT IS ORDERED** that Diaz's petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DISMISSED** without prejudice.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-4-

Case 2:09-cv-00284-JPS   Filed 03/31/09   Page 4 of 4   Document 3